JOHN D. FREED (CA State Bar No. 261518)
jakefreed@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:   (415) 276-6500
Facsimile:    (415) 276-6599

STEVEN E. KLEIN (OR State Bar No. 051165)
(*pro hac vice forthcoming*)
stevenklein@dwt.com
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:   (503) 778-5299

Attorneys for Plaintiff
BOILING CRAB FRANCHISE CO., LLC

IN THE UNITED STATES DISTRICT COURT

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOILING CRAB FRANCHISE CO., LLC, | Case No. |
| | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |
| Plaintiff, | |
| v. | **DEMAND FOR JURY TRIAL** |
| CAJUN BOILING CRAB INC., CAJUN BOILING CRAB CO., AND ANTWAN ALLAM ALEXANDER CHENEVERT (A/K/A ALEXANDER CHENEVERT), | |
| Defendants. | |

1

COMPLAINT
Case No.

1    Plaintiff, Boiling Crab Franchise Co., LLC ("The Boiling Crab" or

2  "Plaintiff"), for its complaint against defendants Cajun Boiling Crab Inc., Cajun

3  Boiling Crab Co., and Antwan Allam Alexander Chenevert (a/k/a Alexander

4  Chenevert) (collectively, "Defendants"), alleges as follows:

5                                 PARTIES

6    1.    Boiling Crab Franchise Co., LLC is a limited liability company

7  organized and existing under the laws of the State of California, with its principal

8  place of business located in Garden Grove, California. The Boiling Crab operates a

9  chain of restaurants under the trademark THE BOILING CRAB, which The

10  Boiling Crab has used since at least as early as 2004, and offers restaurant services

11  and related products and services under the trademark THE BOILING CRAB.

12    2.    On information and belief, defendant Cajun Boiling Crab Inc. is a

13  corporation organized under the laws of the State of California, with its principal

14  place of business at 4050 Crenshaw Boulevard, Los Angeles, California 90008.

15    3.    On information and belief, defendant Cajun Boiling Crab Co. is a

16  corporation organized under the laws of the State of Michigan, with its principal

17  place of business at 19803 W. McNichols Road, Detroit, Michigan 48219.

18    4.    On information and belief, Antwan Allam Alexander Chenevert (a/k/a

19  Alexander Chenevert) is an individual with a business address at 4050 Crenshaw

20  Boulevard, Los Angeles, California 90008.  On information and belief, Chenevert

21  incorporated Cajun Boiling Crab Co. on or about July 13, 2020 and is its principal

22  officer, director and shareholder.  On information and belief, Chenevert

23  incorporated Cajun Boiling Crab Inc. on or about October 1, 2020 and is its Chief

24  Executive Officer, Chief Financial Officer, sole director, and its principal

25  shareholder.

26    5.    On information and belief, at all times relevant, Chenevert has

27  through his positions with and ownership and management of defendants Cajun

28  Boiling Crab Co. and Cajun Boiling Crab Inc. directed, controlled, ratified,

DAVIS WRIGHT TREMAINE LLP

COMPLAINT
Case No.

DAVIS WRIGHT TREMAINE LLP

1  participated in, or encouraged the unlawful conduct of defendants Cajun Boiling

2  Crab Co. and Cajun Boiling Crab Inc. alleged herein.

3  JURISDICTION

4      6.      The Court has subject matter jurisdiction over this action under 28

5  U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(a) (jurisdiction

6  over trademark), 28 U.S.C. § 1338(b) (unfair competition claim joined with a

7  substantial and related claim under the trademark laws), and 15 U.S.C. § 1121(a)

8  because this action arises under the Lanham Act, 15 U.S.C. §§ 1051, et seq. The

9  Court also has supplemental jurisdiction over the claims arising out of state law

10  pursuant to 28 U.S.C. §§ 1338(b) and 1367 because the state law claims arise out

11  of the same operative facts as the federal claims. This Court has personal

12  jurisdiction over Defendants because Defendants reside and do business in this

13  district and jurisdiction. Personal jurisdiction is also proper over Defendants

14  because Defendants sell and offer for sale goods and services under infringing

15  marks, and otherwise conduct business in California, including in this judicial

16  district, and have engaged in tortious conduct resulting in injury to Plaintiff in

17  California, including in this district.

18  VENUE

19      7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)

20  because, among other reasons, Defendants reside and transact business within this

21  district and offer for sale in this district goods and services in a manner that

22  infringes The Boiling Crab's trademark rights and copyright. In addition, The

23  Boiling Crab has suffered harm in this district and a substantial part of the events

24  or omissions giving rise to the claims asserted herein occurred in this district.

25  FACTS COMMON TO ALL CLAIMS

26  **THE BOILING CRAB'S *THE BOILING CRAB* CHAIN OF RESTAURANTS**

27      8.      In 2004, The Boiling Crab, through its predecessor in interest, opened

28  its first restaurant under the trademark THE BOILING CRAB, in California.

3

COMPLAINT
Case No.

DAVIS WRIGHT TREMAINE LLP

9.	Based on the huge popularity and success of The Boiling Crab's THE BOILING CRAB restaurants, The Boiling Crab has since expanded its chain of THE BOILING CRAB restaurants to include locations throughout the United States, including 15 THE BOILING CRAB restaurants in California and THE BOILING CRAB restaurants in Dallas, Texas; Plano, Texas; Las Vegas, Nevada; Honolulu, Hawaii; South Miami, Florida and Washington, D.C.. The Boiling Crab is also actively exploring further expansion of its chain of THE BOILING CRAB restaurants to additional locations throughout the United States and internationally. Photos showing representative examples of the exterior signage used with The Boiling Crab's THE BOILING CRAB restaurants are attached hereto as Exhibit A.

10.	The Boiling Crab's THE BOILING CRAB restaurants offer a unique selection of Louisiana-style seafood, including blue crab, oysters, Dungeness crab, shrimp, and crawfish seasoned with THE BOILING CRAB restaurants' distinctive blends of spices and seasonings. Customers of THE BOILING CRAB restaurants are also treated to a singularly enjoyable dining experience that is characterized by the innovative food presentations, distinctive restaurant decor, unique menus, and one-of-a-kind dining experience pioneered and provided by The Boiling Crab's THE BOILING CRAB restaurants.

11.	Further contributing to The Boiling Crab's distinctive appearance and appeal, The Boiling Crab's unique past and present menus use a distinctive format, contain unique content, and are distinctively printed in an eye-catching manner. True and correct copies of past and current dine-in menus used at The Boiling Crab's THE BOILING CRAB restaurants are attached hereto as Exhibit B. The Boiling Crab's restaurants have also consistently featured THE BOILING CRAB branded bibs, cups, uniforms, t-shirts, signage and other collateral.  True and correct copies of illustrative examples of the THE BOILING CRAB restaurants' branded collateral and signage, which are often incorporated into The Boiling Crab's advertising and social media, are attached hereto as Exhibit C.

4

COMPLAINT
Case No.

12.     THE BOILING CRAB chain of restaurants has become extremely well known and respected among consumers, who have come to associate The Boiling Crab's THE BOILING CRAB trademarks (collectively, the "TBC Marks") with The Boiling Crab's THE BOILING CRAB restaurants and the one-of-a-kind dining experience that The Boiling Crab pioneered and provides. The Boiling Crab's THE BOILING CRAB restaurants have also received unsolicited attention from, and positive recognition by, the media, which has further contributed to consumers' widespread recognition of The Boiling Crab's THE BOILING CRAB restaurants.

13.     Additionally, The Boiling Crab has expended considerable time, effort, and money promoting and advertising its chain of THE BOILING CRAB restaurants, further contributing to the recognition and success of THE BOILING CRAB chain of restaurants. Today, The Boiling Crab continues to promote and advertise its THE BOILING CRAB restaurants.

14.     The Boiling Crab has also used the TBC Marks extensively on the internet and, as a result, the marks have developed a strong internet presence and recognition by consumers who use the internet. The Boiling Crab is the registrant of various domain names incorporating, in whole or in part, THE BOILING CRAB trademark, including <theboilingcrab.com> and <boilingcrab.com>. The Boiling Crab owns and operates a website at these domain names in order to promote and provide consumers with information concerning The Boiling Crab's chain of THE BOILING CRAB restaurants. The Boiling Crab's website makes extensive use of the TBC Marks and embodies part of the unique look-and-feel of THE BOILING CRAB dining experience. A true and correct copy of the home page of The Boiling Crab's website at www.theboilingcrab.com is attached hereto as Exhibit D.

15.     In addition to owning and operating a THE BOILING CRAB website at www.theboilingcrab.com, The Boiling Crab also uses its TBC Marks extensively on the internet through the popular social networking sites Facebook

DAVIS WRIGHT TREMAINE LLP

5

COMPLAINT
Case No.

(www.facebook.com/theboilingcrab), Twitter (twitter.com/theboilingcrab), YouTube (www.youtube.com/user/OfficialBoilingCrab) and Instagram (www.instagram.com/boilingcrab/), among others.  In particular, The Boiling Crab maintains these active social media accounts in order to further promote its TBC Marks and to provide information about and promote its chain of THE BOILING CRAB restaurants.

16.     The Boiling Crab has also continuously used various marks, phrases and/or "hashtags" in connection with the promotion of its the BOILING CRAB restaurants, including on The Boiling Crab's menus and social media, as illustrated below:



17.     Through The Boiling Crab's extensive use, marketing, branding, and promotion of its TBC Marks and THE BOILING CRAB chain of restaurants, the TBC Marks are recognized by consumers throughout the United States and around the world, enjoying substantial recognition, goodwill, and association with THE BOILING CRAB restaurant chain. The public distinguishes The Boiling Crab's goods and services from those of others who offer the same or similar goods and services on the basis of its trademarks.

**THE BOILING CRAB'S FEDERAL REGISTRATION OF THE TBC MARKS**

18.     The Boiling Crab is the owner of the following United States Trademark Registrations for the TBC Marks:

COMPLAINT
Case No.

DAVIS WRIGHT TREMAINE LLP

| Mark | Reg. No. | Goods & Services |
|---|---|---|
| THE BOILING CRAB | 3256219 | Restaurant Services |
|  | 4174077 | Restaurant Services |
| THE BOILING CRAB | 4491054 | Restaurant Services |
|  | 5374534 | Restaurant Services |

True and correct copies of The Boiling Crab's federal trademark registrations for these marks are attached hereto as Exhibit E.

19.     The Boiling Crab's federal registration Nos. 3256219, 4174077 and 4491054 have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065, and constitute conclusive evidence that the recited marks are valid and that The Boiling Crab is entitled to exclusive use of the recited marks in commerce throughout the United States for restaurant services and in connection with goods and services related thereto.

20.     The Boiling Crab's federal registration No. 5374534 constitutes prima facie evidence that the recited mark is valid and that The Boiling Crab is entitled to exclusive use of the recited mark in commerce throughout the United States for restaurant services and in connection with goods and services related thereto.

**DEFENDANTS' INFRINGEMENT OF THE TBC MARKS**

21.     On information and belief, in 2020 defendant Chenevert incorporated defendants Cajun Boiling Crab Co. and Cajun Boiling Crab Inc. for purposes of opening seafood restaurants using the identical "Seafood by the Pound" concept pioneered and offered by The Boiling Crab's THE BOILING CRAB restaurants. In an effort to confuse consumers into thinking that Defendants' restaurants were

DAVIS WRIGHT TREMAINE LLP

7

COMPLAINT
Case No.

DAVIS WRIGHT TREMAINE LLP

somehow associated with The Boiling Crab's THE BOILING CRAB nationwide chain of restaurants, Defendant imitated The Boiling Crab's THE BOILING CRAB trademark by calling Defendants' opened restaurant "CAJUN BOILING CRAB" though Defendants do not have any affiliation with, or authorization from, The Boiling Crab.  Representative examples of menus Defendants use with their knock-off CAJUN BOILING CRAB restaurants are attached hereto as Exhibit F.

22.    On information and belief, Defendants opened their first knock-off CAJUN BOILING CRAB location in Detroit, Michigan in or about August 2020 and a second location in Los Angles, California in or about November 2020.

23.    Defendants have used the CAJUN BOILING CRAB mark together with red lobster design. Illustrative examples of these uses are shown below:





24.    Defendants have also created a "Cajun Boiling Crab" pages on social media platforms, such as Twitter, Facebook and Instagram, and online restaurant ordering websites, such as Seamless, Toast and GrubHub, to advertise and promote their restaurant services.  Screenshots showing representative examples of the "Cajun Boiling Crab" social media accounts and online ordering pages created by Defendants are attached hereto as Exhibit G.

25.    Defendants also adopted and began using, including on signage, menus, advertising and social media, other marks and phrases used by The Boiling Crab on its menus, websites and/or in its advertising over the years, and closely associated with The Boiling Crab by consumers, including EAT WITH YOUR HANDS and #EATWITHYOURHANDS. Representative examples of use by Defendants are attached hereto as Exhibit H.

COMPLAINT
Case No.

26.    Defendant's use of the infringing "Cajun Boiling Crab" marks (collectively, the "Infringing Marks"), is likely to cause confusion, mistake, and deception of consumers as to the source, quality, and nature of Defendants' services and goods, thereby proximately causing injury to The Boiling Crab and its trademark rights.

27.    On information and belief, at all relevant times, Defendants have had actual and/or constructive knowledge of The Boiling Crab and its THE BOILING CRAB® trademarks, menus, and chain of well-known THE BOILING CRAB® restaurants.

28.    On information and belief, at all relevant times, Defendants have been aware that The Boiling Crab has not approved or authorized Defendants' use of the Infringing Marks.

## **FIRST CLAIM FOR RELIEF**
### **(Infringement of a Federally Registered Trademark)**
### **15 U.S.C. § 1114(1)**

29.    The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 28, as if set forth fully herein.

30.    This claim is against Defendants for trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31.    The Infringing Marks used by Defendants are reproductions, copies, or colorable imitations of The Boiling Crab's registered TBC Marks.

32.    Defendants have used and are using in interstate commerce the Infringing Marks in connection with the sale, offering for sale, distribution, or advertising of restaurant services, seasoning mixes, prepared entrees and related goods and services, in such a way as is likely to cause confusion, to cause mistake, and/or to deceive the consuming public.

DAVIS WRIGHT TREMAINE LLP

COMPLAINT
Case No.

33.     The Boiling Crab never consented to or authorized Defendants'
adoption or commercial use of the Infringing Marks for any purpose. Defendants
therefore have infringed and re infringing The Boiling Crab's TBC Marks in
violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

34.     Upon information and belief, at all times relevant to this action,
including when Defendants first adopted the Infringing Marks and commenced
commercial use of the same in connection with restaurant services (collectively,
the "Infringing Goods and Services"), Defendants knew of The Boiling Crab's
prior adoption and widespread commercial use of The Boiling Crab's TBC Marks
in connection with restaurant services and related goods and services, and knew of
the valuable goodwill and reputation acquired by The Boiling Crab in connection
with its trademarks. Accordingly, Defendants' infringement of The Boiling Crab's
TBC Marks is willful and deliberate.

35.     The Boiling Crab has no control over the quality of Defendants'
Infringing Goods and Services and, because of the source confusion engendered by
Defendants' willful trademark infringement, The Boiling Crab's valuable goodwill
in and to its federally registered TBC Marks is being significantly harmed.
Defendants' use of the Infringing Marks, in blatant imitation of The Boiling Crab's
TBC Marks, has caused confusion, mistake, and deception to purchasers as to the
source and origin of Defendants' goods and services sold under the Infringing
Marks.

36.     Defendants' activities are intended, and are likely, to lead the public
to conclude, incorrectly, that Defendants' Infringing Goods and Services originate
with, are sponsored by, and/or are authorized by The Boiling Crab and its
registered marks, to the damage and harm of The Boiling Crab and the consuming
public. Defendants' activities constitute willful and deliberate infringement of The
Boiling Crab's federally registered trademarks in violation of the Lanham Act,
including, but not limited to, 15 U.S.C. § 1114(1). Accordingly, The Boiling Crab

DAVIS WRIGHT TREMAINE LLP

COMPLAINT
Case No.

1  is entitled to recover Defendants' profits, together with The Boiling Crab's

2  damages, increased monetary recoveries as provided by the Lanham Act, as well

3  as costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of

4  the Lanham Act, 15 U.S.C. § 1117(a).

5      37.   Defendants' activities have caused and will continue to cause

6  irreparable harm to The Boiling Crab for which The Boiling Crab has no adequate

7  remedy at law. Accordingly, The Boiling Crab is entitled to preliminary and

8  permanent injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order under

9  15 U.S.C. § 1118 impounding all goods and other materials in Defendants'

10  possession, custody, or control that bear the Infringing Marks.

11      38.   The Boiling Crab also is entitled to, in addition to the other remedies

12  described herein, the cost of corrective advertising and a reasonable royalty as a

13  result of Defendants' infringement of The Boiling Crab's federally registered

14  trademarks.

15      39.   This is an exceptional case, further entitling The Boiling Crab to

16  additional remedies and also entitling The Boiling Crab to recover its attorneys'

17  fees and costs incurred in prosecuting this action and stopping Defendants' willful

18  trademark infringement, pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition)

### 15 U.S.C. § 1125(a)

22      40.   The Boiling Crab realleges and incorporates by reference the

23  allegations in paragraphs 1 through 39, as if set forth fully herein.

24      41.   This claim is against Defendants for trademark infringement, passing

25  off and unfair competition, in violation of Section 43(a) of the Lanham Act, 15

26  U.S.C. § 1125(a).

27

28

DAVIS WRIGHT TREMAINE LLP

11

COMPLAINT
Case No.

DAVIS WRIGHT TREMAINE LLP

42.     The Boiling Crab's TBC Marks and trade dress are nonfunctional and inherently distinctive. They have acquired secondary meaning in the eyes of the public.

43.     Defendants' use of the Infringing Marks is likely to cause confusion, mistake, and/or to deceive the consuming public as to the affiliation, connection, and/or association between The Boiling Crab's THE BOILING CRAB restaurants and Defendants' restaurant. Defendants' unauthorized use of the Infringing Marks also constitutes unfair competition and passing off, and false designation of origin of products and services.

44.     On information and belief, at all times relevant to this action, including at the time Defendants' first adopted and began using without authorization the Infringing Marks, Defendants knew of The Boiling Crab's prior adoption and widespread commercial use of its trademarks and menus, and knew of the valuable goodwill and reputation acquired by The Boiling Crab in connection with its trademarks, products and services. Defendants' infringement, unfair competition, passing off and false designation of is therefore knowing, willful, and deliberate.

45.     Defendants' activities have caused and will continue to cause irreparable harm to The Boiling Crab for which The Boiling Crab has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**(Unfair Competition Under State Law)**

**Cal. Bus. & Prof. Code § 17200**

46.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 45, as if set forth fully herein.

47.     Defendants conduct set forth above constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading

COMPLAINT
Case No.

1  advertising" within the meaning of California Business & Professions Code

2  § 17200.

3       48.    As a consequence of Defendants' actions, The Boiling Crab is entitled

4  to injunctive relief and an order that Defendants disgorge all profits derived as a

5  results of their unfair competition.

6

7  **PRAYER FOR RELIEF**

8       WHEREFORE, The Boiling Crab prays for entry of a judgment ordering

9  and declaring:

10       1.    That, preliminarily pending trial of this action and permanently

11  thereafter, Defendant and its agents, servants, employees, successors, licensees and

12  assignees, and all persons, firms, entities, partners, or corporations in active

13  concert or participation with Defendant, are preliminarily and thereafter

14  permanently enjoined from doing, threatening, or attempting to do or causing to be

15  done, either directly or indirectly, by any means, method or device, any of the

16  following acts:

17       (a)    Directly or indirectly infringing, using, or displaying the TBC

18  Marks or any mark similar thereto, including but not limited to the Infringing

19  Marks, in any manner or for any purpose, including, but not limited to, in

20  advertising, promoting, producing, distributing, selling, offering for sale, or giving

21  away any services or products which infringe, use, or display The Boiling Crab's

22  TBC Marks, or any marks similar thereto;

23       (b)    Using any term that is likely to be confused with The Boiling

24  Crab's TBC Marks;

25       (c)    Falsely representing, misleading, or deceiving consumers into

26  believing that services or products advertised, promoted, produced, distributed,

27  sold, or offered by sale by Defendants originate from The Boiling Crab or its THE

28  BOILING CRAB restaurants, or are sponsored, approved, licensed by, or

DAVIS WRIGHT TREMAINE LLP

13

COMPLAINT
Case No.

1  associated with The Boiling Crab or its THE BOILING CRAB restaurants, or that

2  Defendants or their services or products are in some way associated or affiliated

3  with The Boiling Crab or its THE BOILING CRAB restaurants;

4  (d)  Passing off, inducing, or enabling others to sell or pass off any

5  product or service as and for products or services produced or provided by The

6  Boiling Crab, which are not Plaintiff's or not produced under the control and

7  supervision of The Boiling Crab and approved by The Boiling Crab for sale under

8  the Boiling Crab's TBC Marks;

9  (e)  Committing any other acts calculated to or that do unfairly

10  compete with The Boiling Crab in any manner;

11  (f)  Filing or maintaining any business license, d/b/a, or similar

12  document using the TBC Marks or any mark confusingly similar thereto; and

13  (g)  Registering, using, or trafficking in any trade name or domain

14  name containing or consisting of the TBC Marks or any mark confusingly similar

15  thereto;

16  2.  That Defendants be required to account for all profits derived by them

17  from their trade, infringing conduct, unfair practices and competition, and for an

18  order of restitution of the entire amount of those profits, in amounts to be proven at

19  trial, to The Boiling Crab;

20  3.  That Defendants be required to turn over to be impounded during the

21  pendency of this action all goods and other materials in their possession, custody,

22  or control used or involved in the trademark infringement complained of herein,

23  and to turn over for destruction all such goods and other materials, or in the

24  alternative that all such items be subject to seizure;

25  4.  That, in addition to being ordered to pay the lost profits attributable to

26  the infringing conduct complained of herein to The Boiling Crab, Defendants also

27  be ordered to pay their infringing profits as monetary damages and reasonable

28  royalties, to be increased by the Court by such amount as the Court deems to be

DAVIS WRIGHT TREMAINE LLP

14

COMPLAINT
Case No.

just, together with The Boiling Crab's damages, all of which, according to the

circumstances of this case, should be increased and trebled as provided by law,

including 15 U.S.C. § 1117, and paid to The Boiling Crab;

     5.     That Defendants be ordered to pay exemplary or punitive damages to

the extent available under, and according to, law;

     6.     That Defendants be ordered to pay all of The Boiling Crab's

attorneys' fees, costs, and disbursements incurred in this suit, in bringing this

action for the legal enforcement of its trademark rights, and in connection with all

efforts to stop Defendants' trademark infringement, and unfair competition;

     7.     That Defendants have willfully and deliberately committed acts of

trademark infringement and unfair competition against The Boiling Crab;

     8.     That Defendants be ordered to pay interest according to law;

     9.     That Defendants be ordered to pay the costs of corrective advertising;

and

     10.     For all such other, further, and different relief that this Court deems

just and proper.

**JURY DEMAND**

     The Boiling Crab hereby demands a trial by a jury of all issues so triable.

Date:  March 3, 2021           By:  */s/ John D. Freed*

                                   John D. Freed

                                 John D. Freed
                                 DAVIS WRIGHT TREMAINE LLP
                                 505 Montgomery Street, Suite 800
                                 San Francisco, California  94111
                                 Telephone: (415) 276-6500
                                 Facsimile:  (415) 276-6599
                                 Email:     jakefreed@dwt.com

*DAVIS WRIGHT TREMAINE LLP*

15

COMPLAINT
Case No.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

Steven E. Klein
Email: stevenklein@dwt.com
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

Attorneys for Plaintiff
*BOILING CRAB FRANCHISE CO., LLC*

16

COMPLAINT
Case No.