UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00402-JVS-DFMx | Date | July 28, 2021 |
| Title | Boiling Crab Franchise Co., LLC v. Cajun Boiling Crab Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Default Judgment**

Plaintiff Boiling Crab Franchise Company, LLC ("Boiling Crab") moved for default judgment against Defendants Cajun Boiling Crab Inc., Cajun Boiling Crab Co., and Antwan Allam Alexander Chenevert (collectively, "Defendants"). Dkt. No. 31.

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

### 1. Factual Background

The following background is drawn from Boiling Crab's complaint. Dkt. No. 1 ("Compl.").

Boiling Crab operates a chain of restaurants throughout the United States, offering Louisiana-style seafood. Id. ¶¶ 9-10. It offers "innovative food presentations, distinctive restaurant decor, unique menus, and one-of-a-kind dining experience. . .." Id. ¶ 10. It has expended considerable time, effort, and money promoting and advertising its four Marks. Id. ¶¶ 13-14, 18-19. It uses these Marks in connection with the promotion of its restaurants, including on its menus and social media. Id. ¶ 16. Boiling Crab has also registered its Marks (Reg. Nos. 3256219, 4174077, 4491054, 5374534), Id. ¶¶ 18-20.

In 2020, Chenevert incorporated Cajun Boiling Crab Co. and Cajun Boiling Crab Inc. "for the purposes of opening seafood restaurants using the identical 'Seafood by the Pound' concept pioneered" by Boiling Crab. Id. ¶ 21. Chenevert and his restaurants are not associated with Boiling Crab. Id. ¶ 21. Defendants opened their first restaurant in or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:21-cv-00402-JVS-DFMx             Date   July 28, 2021

Title   Boiling Crab Franchise Co., LLC v. Cajun Boiling Crab Inc. et al

about August 2020 in Detroit, Michigan, and a second location in Los Angeles, California, in or about November 2020.  Id. ¶ 22.  Defendants advertise their restaurants using a similar Mark as Boiling Crab does, both on social media, their menus, and in other advertising.  Id. ¶¶ 23-25.

**2.     Procedural Background**

Boiling Crab filed suit alleging trademark infringement under the Lanham Act, Federal Unfair Competition, and violation of California's Unfair Competition Laws.  See generally Compl.  Boiling Crab served each of the Defendants.  Dkt. Nos. 20-23.  It then filed its request for an entry of default, Dkt. No. 24, which was then granted, Dkt. Nos. 27-29.

**II.  LEGAL STANDARD**

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

**A.     Procedural Requirements**

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure.  Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54©).  Under Federal Rule of Civil Procedure 55(b)(2), "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative", (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-00402-JVS-DFMx                Date  July 28, 2021

Title  Boiling Crab Franchise Co., LLC v. Cajun Boiling Crab Inc. et al

Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

**B.    Substantive Requirements**

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992).

**III.    DISCUSSION**

**A.    Procedural Requirements**

Boiling Crab has satisfied the procedural requirements under both the Federal Rules of Civil Procedure and the Local Rules. As to the federal rules, it seeks a default judgment on the basis of the damages requested as a result of Defendants' trademark infringement. Dkt. No. 31 at 6. It also notes in its motion that no defendant has appeared personally or by representative, thus satisfying Fed. R. Civ. P. 55(b)(2). Id. As to the Local Rules, in support of its motion, it submitted a declaration attesting to the following: the Clerk entered default judgment against Defendants on April 23 on the basis of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00402-JVS-DFMx | Date | July 28, 2021 |
| Title | Boiling Crab Franchise Co., LLC v. Cajun Boiling Crab Inc. et al | | |

operative complaint, Klein Decl. ¶¶ 6-7, and; Defendants are neither an infant, incompetent, or otherwise entitled to the exceptions found in the Servicemembers Civil Relief Act, id. ¶ 8.

Therefore, the Court finds that Boiling Crab has satisfied all the procedural requirements in its motion for default judgment against Defendants.

### B. Substantive Requirements

*i. Possibility of Prejudice to Boiling Crab*

Under the first Eitel factor, a court examines whether a plaintiff will experience prejudice if he does not receive a default judgement. Eitel, 782 F.2d at 1472. If, absent a default, a plaintiff has no remedy, then he will suffer prejudice. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Boiling Crab argues it will be prejudiced if a default judgment is not entered against Defendants given that otherwise, it will not have its case heard on the merits, nor will it be able to remedy its harms. Dkt. No. 31 at 8. The Court agrees. Defendants have failed to respond to the complaint, and absent a default judgment, Boiling Crab will suffer injury as a result of Defendants' infringing activity.

*ii. Merits of the Substantive Claim and Sufficiency of the Complaint*

The second and third Eitel factors require that a plaintiff states a claim sufficient to recover. PepsiCo, 238 F. Supp 2d at 1175.

    (A)    Trademark Infringement under the Lanham Act

To establish infringement of a trademark under the Lanham Act, a plaintiff must prove "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." ERBE Elektromedizin GmbH v. Canady Tech. LLC, 629 F.3d 1278, 1287 (Fed. Cir. 2010) (quoting A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210 (3d Cir. 2000)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:21-cv-00402-JVS-DFMx                                    Date   July 28, 2021

Title   Boiling Crab Franchise Co., LLC v. Cajun Boiling Crab Inc. et al

  Federal registration of a trademark "provides 'prima facie evidence' of the mark's validity and entitles the plaintiff to a 'strong presumption' that the mark is a protectable mark." Zobmondo Entm't, LLC v. Falls Media, LLC, 602 F.3d 1108, 1113–14 (9th Cir. 2010) (quoting 15 U.S.C. §§ 1057, 1115(a)). Here, Boiling Crab alleged it owns valid, registered marks, and provides the registration numbers for those marks in its complaint. Compl. ¶ 18. Thus, Boiling Crab meets the first and second prongs.

  "The 'likelihood of confusion' inquiry generally considers whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin or source of the goods or services bearing one of the marks or names at issue in the case." Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1209 (9th Cir. 2012). The eight factors guide the inquiry: (1) strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and the degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8) likelihood of expansion of the product lines. Rearden, 683 F.3d at 1209 (citing citing AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348–49 (9th Cir. 1979), abrogated in part on other grounds, Mattel, Inc. v. Walking Mountain Prod., 353 F.3d 792 (9th Cir. 2003).

  Here, the complaint alleges that the Defendants offered for sale and continue to offer for sale services and goods bearing the Cajun Boiling Crab marks, which bears significant resemblance to the Boiling Crab marks. Compl. ¶¶ 21-27, 32 & 43. Both Marks include a red crab encircled by the name of each restaurant. Id. ¶ 18. The complaint also alleges that the Marks are related, as both are used in connection with the sale and advertising of Louisiana-style seafood restaurants. Id. ¶¶ 21-22. Both are also advertised on the same marketing channels, i.e., via social media, and in similar fashions, i.e., using similar menus. Id. ¶¶ 24-25.

  Therefore, the Court agrees with Boiling Crab that it has alleged sufficient facts to show that Defendants violated its exclusive rights to the Marks at issue and that there is a likelihood of confusion between Boiling Crab's Marks and the infringing marks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:21-cv-00402-JVS-DFMx      Date    July 28, 2021

Title    Boiling Crab Franchise Co., LLC v. Cajun Boiling Crab Inc. et al

        (B)    Violation of the Unfair Competition Laws (15 U.S.C. § 1125(a) and Cal. Bus. & Prof. Code § 17200).

      Section 1125(a) of the Lanham Act makes anyone who, in "commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities" liable to those injured by such act. 15 U.S.C. § 1125(a)(1)(B). The UCL prohibits, and provides civil remedies for, unfair competition, which it defines as "any unlawful, unfair or fraudulent business act or practice." Kwikset Corp. v. Superior Ct., 51 Cal. 4th 310, 320 (2011). The Ninth Circuit has found that the common law claims of unfair competition and actions under § 17200 are "substantially congruent" to claims made under the Lanham Act. See Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc., 944 F.2d 1446, 1457 (9th Cir. 1991).

      For the same reasons as above and because the applicable unfair competition laws include violations of the Lanham Act, the Court finds that the complaint sufficiently alleges violation of 15 U.S.C. § 1125(a) and Cal. Bus. & Prof. Code § 17200. Further, Boiling Crab has sufficiently alleged an injury, as required under the two statutory schemes. Compl. ¶¶ 26, 35-37.

      Therefore, the Court finds that Boiling Crab and its complaint satisfy the second and third Eitel factors.

        *iii.*    *Sum of Money at Stake*

      The fourth Eitel factor examines whether a sum of money at stake is proportionate to the plaintiff's harm. Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Boiling Crab seeks $291,650.00 in damages, which it argues "reflects the gravity of Defendants' conduct." Dkt. No. 31 at 14. The Court agrees, finding that the sum of money is proportiol to the plaintiff's harm, given the above violations of the Lanham Act and federal and state unfair competition laws.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-00402-JVS-DFMx   Date  July 28, 2021

Title  Boiling Crab Franchise Co., LLC v. Cajun Boiling Crab Inc. et al

    *iv.*    *Possibility of Disputed Material Facts*

The fifth Eitel factor examines whether there is a likelihood of a dispute of material facts. Eitel, 782 F.2d at 1471-72. Upon entry of default, all facts pleaded in the complaint are taken as true, except those relating to damages. See Pope v. United States, 323 U.S. 1, 12 (1944). The Court agrees with Boiling Crab that its complaint is well-pled and has established the necessary facts against Defendants. See Dkt. No. 31 at 14-15. The complaint includes examples of Boiling Crab's Marks, Defendants' infringing marks, and exhibits of the same. See generally Compl. Thus, in addition to the fact that Defendants have not responded to the complaint, the Court also finds the likelihood of disputed material facts to be low.

    *v.*    *Possibility of Excusable Neglect*

The sixth factor considers whether a defendant's inaction is due to excusable neglect. Eitel, 782 F.2d at 1472. Excusable neglect is unlikely when a defendant is properly served and therefore, aware of a plaintiff's pending action in court. See Wecosign, Inc., v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Boiling Crab notes that "[n]o facts suggest that Defendants' failure to respond in this action is a result of excusable neglect," especially given that each of the Defendants was served with process "but none filed a responsive pleading, asked for an extension, or otherwise made an appearance in this action." Dkt. No. 31 at 15 (citing Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) and others).

The Court agrees. See Wecosign, 845 F. Supp at 1082. Defendants have been served with process, and the Clerk of the Court has entered default judgment against them. Ample time has passed to suggest that their inaction is not due to excusable neglect.

    *vi.*    Policy for Deciding Cases on the Merits

There is a strong policy for deciding case on the merits "whenever reasonably possible." Eitel, 782 F.2d at 1472. Boiling Crab argues that by failing to appear, Defendants "knowingly abandoned any defense of this action" thus forestalling a decision on the merits. Dkt. No. 31 at 15-16. The Court agrees. A defendant's failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00402-JVS-DFMx | Date | July 28, 2021 |
| Title | Boiling Crab Franchise Co., LLC v. Cajun Boiling Crab Inc. et al | | |

appear or respond to a decision makes a decision on the merits "impossible." Wecosign, 845 F. Supp. 2d at 1083.

**C.     Relief Sought**

*i.     Permanent Injunctive Relief*

The Lanham Act gives courts the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under [the Lanham Act]." 15 U.S.C. § 1116(a). A plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) "that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted[;]" and (4) that it is in the public's interest to issue the injunction. eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 392–93(2006).

Boiling Crab argues it has satisfied the elements of a permanent injunction. First, 15 U.S.C. § 1116(a), which was amended in 2020, now entitles a plaintiff seeking injunctive relief a rebuttable presumption of irreparable harm upon a finding of a likelihood of success on the merits. Dkt. No. 31 at 16-17 (citing 15 U.S.C. § 1116(a)). Second, because Defendants failed to respond to the proceedings, the effectively admit liability, which demonstrates that Boiling Crab would succeed on the merits and therefore also be irreparably harmed. Id. at 17. Third, monetary damages may be unlikely to deter Defendants' conduct because it may be impossible to collect from them. Id. Finally, the public interest will be served giving Defendants' false advertising. Id.

The Court agrees.

First, while Ninth Circuit law has previously held that a plaintiff is not entitled to a rebuttable presumption of irreparable harm after showing a likelihood of success on the merits, see Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., 654 F.3d 989, 998 (9th Cir. 2011), that is no longer the case. See 15 U.S.C. § 1116(a) (plaintiff seeking a preliminary injunction to enjoin trademark infringement "shall be entitled to a rebuttable presumption of irreparable harm upon a finding of . . . likelihood of success on the merits."). Injunctive relief is also available in a default judgment setting. See e.g., Philip Morris

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:21-cv-00402-JVS-DFMx          Date  July 28, 2021

Title     Boiling Crab Franchise Co., LLC v. Cajun Boiling Crab Inc. et al

USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494 (C.D. Cal. 2003); see also Intel Corp. v. Intelsys Software, LLC, No. C 08-03578 JW, 2009 WL 347239, at *3 (N.D. Cal. Feb. 6, 2009).

  Second, the Court agrees with Boiling Crab that it satisfies the requisite elements for a permanent injunction. As the Court found above, the allegations are sufficient to establish liability for the purposes of a default judgment, and regardless, Defendants concede the factual basis of those allegations by failing to oppose them. Thus, the Court finds that Boiling Crab demonstrated a likelihood of success on the merits (and therefore, irreparable harm as well). While Boiling Crab seeks monetary remedies, it is also likely that they many never recover those damages. Additionally, at minimum, Boiling Crab is entitled to this type of relief as well, especially given the likelihood of repeated infringing activities. See Levi Strauss & Co. v. Shilon, 121 F.3d 1309, 1314 (9th Cir. 1997); see also Pepsico Inc., 238 F. Supp. 2d at 1177–78.

  Therefore, the Court **GRANTS** Boiling Crab's motion for permanent injunctive relief.

  ii. *Damages and Disgorgement of Profits*

  Under the Lanham Act, a plaintiff may seek recovery of defendant's profits, plaintiff's damages, and the costs of the action. 15 U.S.C. § 1117(a). "As a general rule, damages which result from a tort must be established with reasonable certainty. . . Damages are not rendered uncertain because they cannot be calculated with absolute exactness, yet, a reasonable basis for computation must exist." Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1407 (9th Cir.1993) (internal quotation marks omitted). "[A] plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant.'" Peer International Corp. v. Pausa Records. Inc., 909 F.2d 1332, 1336-37 (9th Cir. 1990) (citing Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984)). Furthermore, courts have accepted less precise estimates of damages where a defendant frustrates the discovery of a precise amount by defaulting in the action. See Taylor Made Golf Co. v. Carsten Sports, Ltd., 175 F.R.D. 658, 662 (S.D. Cal. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-00402-JVS-DFMx                Date  July 28, 2021

Title     Boiling Crab Franchise Co., LLC v. Cajun Boiling Crab Inc. et al

    Boiling Crab seeks damages calculated on the basis of a "reasonable royalty." Dkt. No. 31 at 18. In support of these damages, it provides the declaration of Dada Ngo ("Ngo Decl.") and its method of calculating damages. Id. at 19 (citing Ngo Decl.). Boiling Crab's current fees and royalties include an initial franchise fee of $39,500 for a franchisee's first location, a $31,500 fee for each subsequent location, and a royalty fee of 5% of gross sales for each location. Ngo Decl. ¶ 5; id., Ex. A. Boiling Crab also calculated gross sales of Defendant's companies on the basis of Boiling Crab's franchised locations in similar locations. Id. ¶¶ 9-11. Gross sales for Defendant's companies from September 2020 through May 2021 totaled at least $2,205,000 for each location, according to Boiling Crab's estimates. Therefore, applying the 5% royalty fee and the initial franchise fees, Boiling Crab requests $291,650 in damages and disgorgement of profits.

    The Court agrees that these damages are reasonable.

    First, the Court agrees with Boiling Crab that reasonable royalties can be recovered as a measure of damages in a trademark infringement case. See QS Wholesale, Inc. v. World Mktg., No. SA 12–cv–0451–RNBx, 2013 WL 1953719, at *3 (C.D. Cal. May 9, 2013).

    Second, the Court also agrees that the calculation provided by Boiling Crab satisfies the "reasonable certainty" threshold for determining royalty damages. Marketquest Grp., Inc. v. BIC Corp., 316 F. Supp. 3d 1234, 1300 (S.D. Cal. 2018). While in certain situations, the failure "to provide the type of financial statements listing detailed information on sales, expenses, and profits that would allow the Court to conclude" that damages are reasonable would foreclose granting damages, that is not the case here. Cf. Wecosign, 845 F. Supp. 2d at 1081. Here, "[Defendants'] wrong made it impossible to know with any precision" a true estimate of likely damages. Id. Further, Boiling Crab has provided the Court with examples of its trademark licensing relationships with others, which "facilitates computation of the reasonable royalty." Juicy Couture, Inc. v. L'Oreal USA, Inc., No. 04 CIV. 7203(DLC), 2006 WL 1359955, at *4 (S.D.N.Y. May 18, 2006); see also Trovan, Ltd. v. Pfizer, Inc., No. cv 98–94 LGB (MCX), 2000 WL 709149, at *16 (C.D. Cal. May 24, 2000) (royalties generally require that the parties have shown a willingness to license the mark).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00402-JVS-DFMx | Date | July 28, 2021 |
| Title | Boiling Crab Franchise Co., LLC v. Cajun Boiling Crab Inc. et al | | |

Therefore, the Court **GRANTS** Boiling Crab's request for $291,650 in damages and disgorgement of profits.

    *iii.    Attorneys' Fees*

An award of reasonable attorneys' fees and costs is expressly provided for in 'exceptional cases' of trademark infringement." Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008) (citing 15 U.S.C. § 1117(a)). "While the term 'exceptional' is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." Id. (citation and internal quotation marks omitted). In the context of a default judgment, the Ninth Circuit has upheld awards of attorneys' fees "solely because, by entry of default judgment, the district court determined, as alleged in [plaintiff's] complaint, that [defendant's] acts were committed knowingly, maliciously, and oppressively, and with an intent to . . . injure [plaintiff]." Id. (citation and internal quotation marks omitted).

Boiling Crab requests attorneys' fees totaling $9,433, calculated according to Local Rule 55-3 (and on the basis of the amount requested in disgorgement). Here, the complaint alleges that Defendants' "infringement, unfair competition, passing off and false designation of is therefore knowing, willful, and deliberate." Comp. ¶ 44. Accordingly, the Court concludes that Plaintiff is entitled to attorneys' fees. The Court further agrees that the amount requested is reasonable in light of the Local Rules. See also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (once a party has established its entitlement to attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable'"). Therefore, the Court **GRANTS** Boiling Crab's request for $9,433 in attorneys' fees.

    *iv.    Post-Judgment Interest*

"Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Courts frequently reward post-judgment interest in cases alleging violations of the Lanham Act. See e.g., Canadian Standards Ass'n v. Z Indus. Distribution Inc., No. SACV2096JVSJDEX, 2020 WL 7064244, at *5 (C.D. Cal. Oct. 26, 2020). Therefore, the Court **GRANTS** Boiling Crab's request for post judgment interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00402-JVS-DFMx | Date | July 28, 2021 |
| Title | Boiling Crab Franchise Co., LLC v. Cajun Boiling Crab Inc. et al | | |

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion. The Court **GRANTS** Boiling Crab's requests for permanent injunctive relief, $291,650 in damages and disgorgement of profits, and $9,433 in attorneys' fees, both subject to post-judgment interest. Counsel shall lodge a proposed judgment within 5 days.

**IT IS SO ORDERED.**

                                                                                                            : 0

Initials of Preparer      lmb